IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Paul G. Schuler,<br>    Plaintiff,<br><br>vs.<br><br>INVENSYS BUILDING SYSTEMS, INC., TAC LLC, SCHNEIDER ELECTRIC SA, SQUARE D COMPANY, DBA, SCHNEIDER ELECTRIC - NORTH AMERICAN DIVISION, INVENSYS INC., INVENSYS plc, INVENSYS INTERNATIONAL HOLDINGS LTD., SIEBE INC., RANCO CONTROLS ASIA PACIFIC, INC., BARBER COLMAN HOLDINGS CORP., ROBERT SHAW CONTROLS COMPANY, DOES 1 THROUGH 200,<br>    Defendants. | Case No. 07 C 50085<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

I. INTRODUCTION

Defendants Invensys PLC ("PLC") and TAC LLC ("TAC") produced documents to Plaintiff pursuant to written discovery requests, but redacted portions claiming privileges under the attorney-client relationship and the work product doctrine. Plaintiff challenged the asserted privileges, and moved the court to conduct an in camera review of documents with the following Bates numbers: PLC 0041–43, PLC 1629, PLC 1639, PLC 2015, PLC 0001–02, TAC 00474–75, and TAC 02766–67. The court has reviewed the privilege logs and the documents. The privilege logs are accurate and sufficient. The court denies Plaintiff's motion to compel

1

production of these documents unredacted.

## II. Discussion

Under Federal Rule of Civil Procedure 26(b), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" The attorney-client privilege exists "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The utility of the privilege extends not only to communications regarding ongoing litigation, but also to legal advice related to preventing litigation by helping "clients to conform their conduct to the law and by addressing legal concerns that may inhibit clients from engaging in otherwise lawful and socially beneficial activities." *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007).

> The principles of the privilege, as adopted by the Seventh Circuit, are the following:
>
> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (citing 8 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2292 (John T. McNaughton rev. 1961)). Communications by an attorney to a client are subject to the privilege "where those communications rest on confidential information obtained from the client, or where those communications would reveal the substance of a confidential communication by the client." *Naik v. Boehringer-Ingelheim Pharm.*, 2008 U.S. Dist. LEXIS 47567, at *4 (N.D. Ill. June 19, 2008) (internal quotations omitted). Legal advice and confidential communications regarding that advice made between corporate employees and in house counsel may also be privileged; but,

business advice is not privileged. *Upjohn*, 499 U.S. at 396–97; *Naik* 2008 U.S. Dist. LEXIS 47567, at *5–6. Regardless whether the communications involve in house or outside counsel, the party asserting the privilege has the burden of proving all its essential elements. *Evans*, 113 F.3d at 1461.

The work product doctrine limits discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). If trial preparation materials subject to protection are otherwise discoverable under Rule 26(b)(1), a party may obtain them if it shows a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). But, "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

PLC documents 0041–43 are five related emails. The first three emails are a conversation between Dan Hart (Senior Vice President of Legal Affairs and Human Resources) and Victoria Hull (Senior Vice President and General Counsel in PLC's Legal Department) related to Plaintiff's termination. Portions of that conversation are redacted. Those three emails were then forwarded, via the fourth email, from Dale Turner (Ms. Hull's assistant) to Tim Dolan (Vice President and General Counsel, and Plaintiff's immediate supervisor) and Gloria Lucy (Tim Dolan's assistant). The fourth email contains no text in the body. Those four emails were then forwarded, via the fifth email, from Mr. Dolan to Zachary Jackson, PLC's outside counsel. The fourth and fifth emails are both completely redacted, including their headers.

The redacted portions of Mr. Hart's and Ms. Hull's conversation are related to legal

3

advice and are subject to the attorney-client privilege. The body of the fifth email, from Mr. Dolan to Mr. Jackson, also contains a communication relating to legal advice, and is privileged.

Defendant redacted the headers of the fourth and fifth emails, which contain information about the sender, recipients, time stamp, and subject line. Header information may contain information subject to the attorney-client privilege or the work product doctrine. *But see Rexam Beverage Can Co. v. Bolger et al.*, 2008 U.S. Dist. LEXIS 22042, at *6–10 (N.D. Ill. Mar. 18, 2008) (J. Ashman) (finding that a fax cover sheet, sent from plaintiff to its attorney, was not subject to the attorney-client privilege or the work product doctrine because it contained no substantive information about a legal consultation, had no strategic value, and gave no advantage to the defendants). An email header gives the opposing party three pieces of potentially valuable information to which it would not otherwise have access: the topic of discussion between certain people, the identities of those people, and the time at which the discussion took place. If related to litigation, this information could give an opposing party an advantage when making time sensitive decisions, or when building a time-line.

The two headers redacted from the fourth and fifth emails, especially taken with the other privileged portions in the email chain, are part of and contain information regarding a confidential correspondence relating to legal advice. Inasmuch, they are subject to the attorney-client privilege. Also, they are protected under the work product doctrine because they were created in anticipation of litigation, and Plaintiff has no substantial need for them. Upon review, the court finds that PLC 00041–42 are properly redacted and denies Plaintiff's motion to compel.

PLC's documents 1629, 1639, and 2015 are all emails, completely redacted, from Kathy Huseman (Division Senior Counsel of Invensys Controls) to Mr. R. Walker (an outside counsel). All three redacted emails are the last in three different chains of other unredacted emails, and

4

forward those unredacted emails to Mr. Walker. Document 1639 contains a communication in the body relating to legal advice, and that communication is subject to the attorney-client privilege. All three forwarding emails also contain headers. For the same reasons as discussed above, this redacted material is subject to the attorney-client privilege and the work product doctrine. As such, the court denies Plaintiff's motion to compel the unredacted production of these documents.

PLC's documents 0001–02 are a memorandum from Ms. Huseman to Mr. Hart and Florence Lively, with Mr. Dolan carbon-copied. It analyzes and gives legal advice regarding PLC's retention agreements. It is a communication from a legal adviser for the purpose of giving legal advice and is privileged. The court will not compel the unredacted production of these documents.

TAC's documents 00474–75 are a series of emails regarding updating computer systems and storing and retrieving historical data. The portion redacted is an email sent from Teri Wisocki, in his or her capacity as a PLC employee, to Plaintiff, in his capacity as in house counsel, seeking legal advice. The privilege belongs to PLC, and PLC has properly asserted it. The court will not compel production of this redacted material.

Finally, TAC documents 02766–67 are a series of emails. The first email, which is unredacted, was sent from Plaintiff to Mr. Hart expressing disappointment at having recently been terminated. In the email, Plaintiff also discussed potential illegal motivations for the decision to discharge him. The redacted portions of the documents are the bodies of three emails exchanged between Mr. Dolan and Mr. Hart, where they discuss among themselves legal issues relating to Plaintiff's email. These communications relate to legal advice and are between legal counsel. They are privileged, and the court will not compel their unredacted production.

III. CONCLUSION

Upon reviewing in camera the privilege logs submitted by PLC and TAC and the document productions, the court finds that the privilege logs are accurate and sufficient. Defendants have met the burdens necessary to claim privileges under the attorney-client privilege, the work product doctrine, and sometimes both. The court denies Plaintiff's motion to compel the production of the redacted material. The court will return the documents to Defendant's counsel. Counsel is to preserve the documents.

ENTER:
_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: February 20, 2009